# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Prodigy Network, LLC, *et al.*,[1] | ) | Case No. 21-10622-JTD |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: June 16, 2021 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: June 1, 2021 at 4:00 p.m. (ET)** |

## APPLICATION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, TO RETAIN AND EMPLOY DGW KRAMER LLP AS SPECIAL LITIGATION COUNSEL

Jeoffrey L. Burtch , Chapter 7 Trustee (the "Trustee") for the estates of the above-named debtors (the "Debtors"), respectfully applies to this Court for the entry of an Order, pursuant to Sections 327, 328, 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq*. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to retain and employ DGW Kramer LLP ("DGWK") as special litigation counsel to the Trustee (the "Application"), and in support thereof respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue for this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

3. The statutory predicates for the relief sought herein are Sections 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

4. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court (the "Local Rules"), the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## Background

5. On March 25, 2021, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

6. On or about March 26, 2021, the Trustee was appointed an interim trustee pursuant to Section 701 of the Bankruptcy Code.

7. The meeting of creditors to be held pursuant to Section 341 of the Bankruptcy Code was started on April 29, 2021 at 10:00 a.m., and has been continued to May 19, 2021.

8. Based upon the Trustee's preliminary investigation, including discussions with attorneys for the Debtors, certain of the Debtor's employees and agents, and other parties in interest, and his review of documents, he believes that viable claims and causes of action may exist against various insiders and others based on various theories, including, but not limited to, fraud, intentional misrepresentation, breach of fiduciary duty, and fraudulent transfer (the "Third Party Claims").

## RELIEF SOUGHT

9. The Trustee seeks to retain and employ DGWK as special litigation counsel in connection with the investigation and possible prosecution of the Third Party Claims.

- The Trustee has agreed to engage DGWK on the following terms and conditions: Investigation Phase – Sections 330 and 331 Retention. DGWK shall be paid on

an hourly basis at its usual and customary rates, plus reimbursement of actual out of pocket costs and expenses, up to a cap of $375,000, during the investigation phase of the engagement (the "Investigation Phase"). DGWK will evaluate which Third Party Claims have merit and should be pursued for the benefit of the estates. DGWK will report to the Trustee at the conclusion of the Investigation Phase with its findings and recommendations as to whether any of the Third Party Claims ought to be pursued for the benefit of these estates.

- Litigation Phase – Section 328(a) Retention. In the event that DGWK recommends that the Trustee pursue any of the Third Party Claims and the Trustee decides, in his sole discretion, to pursue such claims, then DGWK shall prosecute such claims on behalf of the estates (the "Litigation Phase"). From and after the delivery of its recommendation to the Trustee, DGWK shall be entitled to the following compensation: (i) reimbursement of reasaonable costs and expenses incurred during the Litigation Phase; (ii) twenty-five percent (25%) of the final recovery received by the chapter 7 estates in these bankruptcy cases from any settlement or judgment entered into prior to the initiation of litigation, calculated after payment of allowable costs and expenses incurred in connection with such recovery; (iii) thirty-five percent (35%) of the final recovery received after the initiation of litigation, calculated after payment of allowable costs and expenses incurred in connection with such recovery; and (iv) an additional 5% of the final recovery for any recovery received after an appeal, calculated after payment of allowable costs and expenses incurred in connection with such recovery; *provided, however,* that the fees incurred during the Investigative Phase shall be credited against, and shall reduce, the aggregate fees incurred during the Litigation Phase. Any fees for experts and their reports, and fees for consultants related to any Third Party Claims will be paid directly by the Estate and will not be borne by DGWK, provided that the Trustee has previously approved the retention of any experts and consultants. In the case of any experts, the Trustee shall retain any such experts directly rather than through DGWK.

10. The DGWK attorneys who may become involved in this assignment, and their hourly rates are as follows:

    (a)    Katherine Burghardt Kramer (Partner) - $650.00/hour;
    (b)    Rongping Wu (Partner) - $650.00/hour;
    (c)    Joshua Levin-Epstein (Of Counsel) - $650/hour;

Other DGWK attorneys may become involved in this matter and the hourly rates of those that may provide services with respect to this matter range from $350 - $550.

11. DGWK is a boutique firm offering a range of legal services, including complex commercial litigation, business litigation, international arbitration, corporate transactions, real

estate, and immigration. DGWK represents a wide range of clients including corporations, non-profits, entrepreneurs, and individuals, both in the United States and overseas. Based on its experience in investigations and litigation of the type anticipated in these cases, DGWK is well-qualified to serve as special litigation counsel.

12. The Trustee's selection of DGWK to assist with the investigation and prosecution of Third Party Claims is also particularly appropriate in light of the fact that DGWK was retained by certain of the Debtors' creditors approximately nine (9) months ago, and has already invested hundreds of hours investigating the Debtors' history and potential causes of action arising out of the Debtors' management and operations. DGWK's employment by creditors has been terminated, and if the Application is approved, DGWK will only be representing the estates, not any particular creditors, with respect to the Third Party Claims.

13. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Declaration of Katherine Burghardt Kramer in support of Application (the "Declaration"), DGWK does not hold or represent any interest adverse to the estates with respect to the matters for which it is to be employed. As disclosed in the Declaration, DGWK will not represent the Trustee in any proceedings or matters that are directly adverse to any DGWK clients, unless DGWK has first obtained appropriate, informed consent from both parties.

14. The Trustee submits that retention of DGWK will not result in any duplication of effort with the Trustee's general bankruptcy counsel, and that such retention is in the best interests of the estates.

15. The fee structure that the Trustee and DGWK have agreed upon, and which is set forth above, is appropriate in light of the nature and scope of the services to be provided by DGWK to the estates, and the facts and circumstances surrounding this engagement. Further, the

fee structure is reasonable and appropriate in light of DGWK's experience and the prevailing market rates and terms for similar legal services.

16. DGWK shall file a final fee application for all of its fees and expenses sought in connection with its representation as special litigation counsel for the Trustee; however, any contingency fee earned by DGWK shall be subject to the standard in Section 328(a) of the Bankruptcy Code,[2] and such fees shall not be based on terms different from the fee structure as set forth in this Application unless "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time" this Application is approved.

17. After receiving DGWK's initial proposal, the Trustee was able to negotiate significant concessions from the original proposed terms, and those concessions are incorporated herein. The Trustee believes the fee arrangement is reasonable and appropriate under the circumstances, because: (i) the Trustee believes, in light of the number of claims and potential targets, the services necessary to investigate and pursue the Third Party Claims may otherwise result in fees and costs well in excess of the $375,000.00 cap agreed to by DGWK; (ii) the estates have limited funds and are unable to retain counsel on an hourly basis; (iii) the terms of DGWK's retention are competitive with those generally prevailing in the market for engagements of this type; (iv) it appears that investigation of the Third Party Claims will be complex and potentially very costly, and the terms of DGWK's retention are the best available means of controlling costs; and (v) while DGWK could conceivably receive a "windfall" under

---

[2] Section 328(a) of the Bankruptcy Code provides as follows:
>   The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

LEGAL\52269280\1

the terms of this engagement, it is also entirely possible that DGWK could suffer a significant loss investigating and pursuing these claims. The proposed terms of the engagement therefore represent a fair and reasonable balancing of the risks and potential rewards associated with the investigation and possible pursuit of the Third Party Claims.

## **NOTICE**

18. Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; and (iii) all parties entitled to notice under Bankruptcy Rule 2002.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the employment of DGW Kramer LLP as special litigation counsel in the capacity set forth herein, and granting such other and further relief as may be just and equitable.

Dated: May 14, 2021

COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
mfelger@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*