## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prodigy Network, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 21-10622-JTD<br><br>(Jointly Administered)<br><br>**Proposed Bid Procedures Hearing Date: September __, 2021**<br>**Proposed Bid Procedures Objection Deadline: At Hearing**<br>**Proposed Sale Hearing Date: October __, 2021**<br>**Proposed Sale Objection Deadline: October __, 2021** |

**TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER
(A) APPROVING BIDDING PROCEDURES IN CONNECTION
WITH SALE OF ESTATE ASSETS, (B) SCHEDULING AN AUCTION AND
HEARING TO CONSIDER THE PROPOSED SALE, AND (C) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF; AND (II) AN ORDER (A)
APPROVING THE SALE AND (B) GRANTING CERTAIN RELATED RELIEF**

Jeoffrey L. Burtch, in his capacity as the chapter 7 trustee (the "Trustee") for the estates

(the "Estates") of the above-captioned debtors (the "Debtors"), respectfully files this motion (the

"Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the

"Bidding Procedures Order"): (a) establishing bidding and auction procedures (collectively, the

"Bidding Procedures"), a copy of which is attached hereto as Exhibit B, in connection with the

potential sale of certain Estate assets (the "Purchased Assets"), free and clear of all claims and

any other interests, liens, mortgages, pledges, security interests, rights of first refusal,

obligations, and encumbrances of any kind whatsoever (collectively, the "Interests"), except to

the extent identified in a Successful Bidder's (as defined below) asset purchase agreement;

(b) approving the form and manner of sale notices (the "Notice Procedures"); (c) scheduling an

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

auction (the "Auction") if, subject to the Bidding Procedures, the Trustee receives more than one Qualified Bid (as defined below), and setting a date and time for a sale hearing (the "Sale Hearing") for the sale (the "Sales") of the Purchased Assets; and (d) granting certain related relief.

The Trustee further requests that, subject to the results of the Auction and the Bidding Procedures, the Court enter orders in a form to be submitted prior to the hearing on this Motion (the "Sale Orders") approving and authorizing the Sale of the Purchased Assets free and clear of all Interests, except to the extent set forth in a Successful Bidder's asset purchase agreement. In support hereof, the Trustee respectfully states:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 363 of title 11 of the United States Code (11 U.S.C. § 101 et seq. (the "Bankruptcy Code")) and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

**BACKGROUND**

4.      On March 25, 2021 (the "Petition Date"), the Debtors commenced these bankruptcy cases by filing voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5.      On or about March 26, 2021, the Trustee was appointed as interim trustee for the Estates.

6.      The meeting of creditors to be held pursuant to Section 341 of the Bankruptcy Code was started on April 29, 2021, and was concluded on May 19, 2021. The Trustee is now serving pursuant to section 702(d) of the Bankruptcy Code.

**PURCHASED ASSETS[2]**

7.      The Purchased Assets consist of equity interests in two entities that have an indirect interest in commercial real property in Chicago, Illinois.

**A. 1234 Interest**

8.      Debtor 1234 W Randolph Realty Associates LLC ("1234 Associates") owns ninety percent (90%) of the membership interests in non-debtor, 1234 W Randolph JV LLC ("1234 JV"). 1234 Associates' interest in 1234 JV will be referred to as the "1234 Interest."

9.      The remaining ten percent (10%) of the membership interest in 1234 JV is owned by 1234 West Randolph Sponsor LLC ("1234 Sponsor"), an affiliate of DDG Partners ("DDG") and Marc Realty Capital ("Marc").

10.     1234 JV's managing member (and holder of a zero percent (0%) membership interest) is 1234 West Randolph Promote LLC, which is also an affiliate of DDG and Marc.

---

[2] The information provided herein is based on certain of the Debtors' records that have been provided to the Trustee. The Trustee makes no representations or warranties regarding the accuracy of any of the information regarding the Purchased Assets set forth in this Motion or any attachments.

11.     1234 JV is the sole member of 1234 W Randolph Property Company LLC ("1234 Titleholder"), which is the assignee of Marc's rights under that certain Purchase and Sale Agreement, dated November 29, 2017 (as amended from time to time, the "1234 Purchase Agreement").

12.     Pursuant to the 1234 Purchase Agreement, 1234 Titleholder has the right to purchase commercial real property located at 1220 and 1234 West Randolph Street (the "1234 Property") for a purchase price of Ten Million and No/100 Dollars ($10,000,000.00), Chicago from Randolph Dairy Company and 1120 Randolph, LLC. As most recently amended, the 1234 Purchase Agreement has a closing deadline of December 31, 2021.

13.     The 1234 Property is currently improved with one to three story buildings. Prior to the Petition Date, 1234 JV's intent was to acquire the 1234 Property, demolish the existing structures, and develop a 13-story hotel in partnership with The Standard Hotel.

**B. 1400 N Orleans Interest**

14.     Debtor 1400 N Orleans Realty Associates LLC  ("1400 Associates") owns ninety percent (90%) of the membership interests in non-debtor 1400 N Orleans JV LLC ("1400 JV"). 1400 Associates' interest in 1400 JV will be referred to as the "1400 Interest."

15.     The remaining ten percent (10%) of the membership interest in 1400 JV is owned by 1400 North Orleans Sponsor LLC ("1400 Sponsor"), an affiliate of DDG and Marc.

16.     1400 JV's managing member (and holder of a zero percent (0%) membership interest) is 1400 North Orleans Promote LLC, which is also an affiliate of DDG and Marc.

17.     1400 JV is the sole member of 1400 N Orleans Property Company LLC ("1400 Titleholder"), which is owner of commercial real property located at 1400 North Orleans Street in the Old Town neighborhood of Chicago, Illinois (the "1400 Property").

18.     1400 Titleholder acquired the 1400 Property in April 2019 for a purchase price of $14,423,335.00. The 1400 Property was a vacant lot at the time of acquisition, and no improvements have been made since the acquisition.

19.     Prior to the Petition Date, 1400 JV's intent was to develop the a 7-story, 254 unit luxury apartment building on the 1400 Property.

## PROPOSED SALE

### A.     The Need for an Expeditious Sale Process

20.     Over the six month period since the cases were filed, the Trustee has received only one offer for the Purchased Assets, and that offer was conditioned on the sale proceeding according to the schedule described below. The Trustee is concerned that, if the sale process proposed herein is not approved, the opportunity to realize any value on the Purchased Assets will be impaired if not lost.

21.     Other reasons that the Trustee believes that an expedited sale process is warranted include the following:

   a. The deadline for closing on the 1234 Property is December 31, 2021, and there are no assurances that such deadline will be further extended. Should the deadline pass before the sale has closed, it is possible that the 1234 Interest would be rendered valueless. Because of this pending deadline, 1234 Sponsor has made it a condition of the sale that the closing occur by no later than November 15, 2021.

   b. The Trustee has been advised that there are certain building code and permit conditions related to the development of the 1400 Property that will expire in the near future, and there can be no certainty that the deadline will be extended. Absent such an extension, project costs may increase materially.

   c. The only offers that the Trustee has received are conditioned on the timeline proposed herein, and the Trustee believes that, because it is of critical importance that the sale process be commenced, the proposed timeline is acceptable.

22.     Given these circumstances, in the exercise of his business judgment, the Trustee has determined that his best course of action is to seek an expedited sale of the Purchased Assets.

**D.      The Trustee's Anticipated Sale Process**

23.     The Trustee intends to sell the Purchased Assets pursuant to a competitive sale process under section 363 of the Bankruptcy Code (the "Sale Process").

24.     After arm's length negotiations, the Trustee has reached the following agreements with respect to the sale of the Purchased Assets:

      a.   An agreement with 1234 Sponsor, under which 1234 Sponsor would pay a purchase price of One Hundred Thousand and No/100 Dollars ($100,000.00) (the "1234 Sponsor Purchase Price") for the 1234 Interest, pursuant to the terms embodied in the Asset Purchase Agreement attached hereto as Exhibit C (the "1234 Purchase Agreement").

      b.   An agreement with 1400 Sponsor, under which 1400 Sponsor would pay a purchase price of Two Million, Two Hundred, Fifty Thousand, and No/100 Dollars ($2,250,000.00) (the "1400 Sponsor Purchase Price") for the 1400 Interest, pursuant to the terms embodied in the Asset Purchase Agreement attached hereto as Exhibit D (the "1400 Purchase Agreement").

**E.      The Bidding Procedures**

25.     The Trustee has devised a competitive bidding process (the "Bidding Process") intended to generate the highest and best value for the Purchased Assets under the circumstances. The Bidding Procedures include the following provisions:[3]

   o   **Potential Bidders**.  To participate in the Bidding Process, each interested person or entity must be deemed by the Trustee, after consultation with his legal counsel, to be reasonably likely to be able to fund and complete the consummation of the proposed transaction within the time frame acceptable to the Trustee if selected as a Successful Bidder (as defined below).  As promptly as reasonably possible, the Trustee will determine and notify the interested person or entity if such person or entity is acceptable and deem such person or entity a "Potential Bidder."

---

[3] In the event of any inconsistencies between the description of the Bidding Procedures contained in this Motion and the language of the Bidding Procedures themselves, in the form attached to the Bidding Procedures Order, the language of the Bidding Procedures themselves shall govern.

- **Qualified Bids**.  A proposal ("Bid") received from a Potential Bidder is a "Qualified Bid" if it:

    i.  is received by the Bid Deadline (as defined below);

    ii.  with respect to the 1234 Interest, provides for payment of a purchase price that exceeds the 1234 Sponsor Purchase Price by no less than Fifty Thousand and No/100 Dollars ($50,000.00);

    iii.  with respect to the 1400 Interest, provides for payment of a purchase price that exceeds the 1400 Sponsor Purchase Price by no less than Two Hundred Thousand and No/100 Dollars ($200,000.00);

    iv.  is on terms that in their totality are determined by the Trustee, in his business judgment, to be the same or better than the terms set forth in the 1234 Purchase Agreement or the 1400 Purchase Agreement, as applicable;

    v.  provides for the purchase of the 1234 Interest or the 1400 Interest, as applicable, by the Potential Bidder on an "as is, where is" basis;

    vi.  includes a copy of a definitive purchase agreement in form substantially similar to the 1234 Purchase Agreement or the 1400 Purchase Agreement, as applicable, signed by an authorized representative of such Potential Bidder, in addition to a marked copy of such agreement to reflect the Potential Bidder's modifications to the 1234 Purchase Agreement or the 1400 Purchase Agreement, as applicable;

    vii.  is not subject to any due diligence or financing conditions, or corporate or other approval not contemplated herein;

    viii.  is accompanied by a cash deposit of not less than 10% of the proposed purchase price (the "Required Deposit");

    ix.  includes written evidence of an unconditional commitment for financing (by a creditworthy bank or financial institution that shall provide such financing without alteration of conditions or delays) or other evidence of ability, as determined in the reasonable business judgment of the Trustee, to consummate the transaction;

    x.  is reasonably likely (based on availability of financing, regulatory issues, experience, and other considerations) to be consummated, if selected as a Successful Bid (as defined below), within a timeframe acceptable to the Trustee and in no event later than the first business day that is fifteen (15) days after the entry of an order approving the Potential Bidder's bid as the Successful Bid;

    xi.  is irrevocable until the closing date of the transaction with a Successful Bidder or Alternate Bidder (as defined below); and

xii.     does not entitle the Potential Bidder to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement.

Each Potential Bidder will bear its own costs and expenses (including legal fees) in connection with any Bid or proposed Sale.

A Potential Bidder that makes a Qualified Bid is a "Qualified Bidder." The Trustee, in his reasonable business judgment, shall determine whether the Bid of a Potential Bidder meets the foregoing requirements to become a Qualified Bid.

o  **Due Diligence**. The Trustee may in his reasonable business judgment, and subject to competitive and other business concerns, afford each Potential Bidder (until the date of the Auction) with such access to due diligence materials concerning the Purchased Assets as the Trustee deems appropriate.

o  **Bid Deadline**. A Potential Bidder that desires to make a Bid must deliver written copies of its Bid, via hand delivery or overnight mail, to the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. Mark E. Felger, Esq. so that the Bid is actually received by 12:00 p.m. (Noon) (ET) on the date that is twenty (20) days after the date on which the Bankruptcy Court enters an order approving the Bidding Process (the "Bid Deadline").

o  **No Qualified Bids**. If the Trustee does not receive any Qualified Bids other than the bids of 1234 Sponsor and 1400 Sponsor for any portion of the Purchased Assets, the Trustee will seek approval of the Sale of that portion of the Purchased Assets for which no Qualified Bids were received at the Sale Hearing pursuant to the terms of the 1234 Purchase Agreement and/or the 1400 Purchase Agreement, as applicable, without the need for conducting an Auction with respect to such assets.

o  **Auction Procedure**. If at least one (1) Qualified Bid, other than the bids of 1234 Sponsor and 1400 Sponsor, is timely received, the Trustee shall conduct the Auction at 10:00 a.m. (ET) on the date that is twenty-five (25) days after entry of the Bidding Procedures Order, at the offices of Cozen O'Connor, or such later time or other place or manner, notice of which the Trustee shall provide to all Qualified Bidders. Only Qualified Bidders (including 1234 Sponsor and 1400 Sponsor) shall be eligible to participate in the Auction and only Qualified Bidders (including 1234 Sponsor and 1400 Sponsor) shall be entitled to make any subsequent Qualified Bids at the Auction. The Trustee shall not consider a particular Bid unless the bidding party has submitted a Qualified Bid and participates in the Auction.

o  Prior to the start of the Auction, the Trustee shall evaluate all Qualified Bids received and shall determine which Qualified Bids constitute the best offers for the 1234 Interest and the 1400 Interest, respectively (the "Starting Auction Bids"). The Trustee shall announce the Starting Auction Bids at the commencement of the Auction.

o The Trustee, after consultation with his counsel, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent Bids) for conducting the Auction, provided that such rules are: (i) not inconsistent with the Bankruptcy Code or any order of the Court; and (ii) disclosed to each Qualified Bidder at the Auction.

o **Minimum Overbids**.  The minimum initial overbid and any subsequent overbids must be in increments of at least $25,000.00 for the 1234 Interest and $150,000.00 for the 1400 Interest until the Trustee declares a Successful Bidder.

o **Successful Bidders**.  At the conclusion of the Auction, the Trustee shall, in consultation with his counsel: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale Process, including those factors affecting the speed and certainty of consummation of the Qualified Bid; and (ii) identify the best bids for the 1234 Interest and the 1400 Interest, respectively (each such bid, a "Successful Bid"), and the bidders making such bid (each such bidder, a "Successful Bidder").

o If the Trustee receives more than one Qualified Bid for either or both the 1234 Interest and the 1400 Interest, then, at the Sale Hearing, the Trustee will seek approval of the Successful Bids, and, at the Trustee's election, the next best Qualified Bid for either or both the 1234 Interest and the 1400 Interest (the "Alternate Bids" and, the bidders making such Alternate Bids, the "Alternate Bidders"). The Trustee's presentation to the Court of the Successful Bids and, if applicable, the Alternate Bids will not constitute the Trustee's acceptance of either of such Bids until such Bids are approved by the Court at the Sale Hearing. Following approval of the Sale to a Successful Bidder, if the Successful Bidder fails to consummate the Sale for any reason, then the Alternate Bid for the relevant asset will be deemed to be the Successful Bid and the Trustee will be authorized, but not directed, to effect the Sale to the Alternate Bidder subject to the terms of the Alternate Bid of such Alternate Bidder without further order of the Court. The Alternate Bid shall remain open until the earlier of: (i) fifteen (15) days following the entry of the Sale Order; and (ii) the consummation of the Sale to the Successful Bidder.

o Each Qualified Bidder shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waive any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Qualified Bidder's proposed purchase agreement.

o **Return of Deposits**.  All Required Deposits, but excluding the Required Deposits of Successful Bidders and Alternate Bidders shall be returned to Qualified Bidders within five (5) business days after the date of the Auction. The Required Deposit of any Alternate Bidder shall be returned within three (3) business days of the closing of the Sale to the Successful Bidder.

o **Sale Hearing**.  The Trustee shall request that the Court schedule the Sale Hearing on, or as soon as practicable after, the date that is twenty-seven (27) days after entry of

the Bidding Procedures Order, at which hearing the Trustee shall seek entry of the Sale Orders, among other things, authorizing and approving the proposed transactions with Successful Bidders, as determined by the Trustee in consultation with his counsel and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Successful Bids.

26.     Approval of the Bidding Procedures would establish the following timeline:

  (i)  Three days after entry of Bidding Procedures Order – Issuance of Notice of Auction and Sale Hearing

  (iii)  Twenty-three days after entry of Bidding Procedures Order – Sale Objections Deadline

  (iv)  Twenty-three days after entry of Bidding Procedures Order – Deadline to Submit Qualified Bids

  (v)  Twenty-five days after entry of the Bidding Procedures Order – Auction

  (vi)  Twenty-seven days after entry of the Bidding Procedures Order – Proposed Sale Hearing

**D.**    **The Notice Procedures**

27.     The Trustee proposes the following Notice Procedures in connection with the Sale

o  **Notice**.  Within three (3) business days after the entry of the Bidding Procedures Order, the Trustee will give notice (the "Notice of Auction and Sale Hearing") of the Bidding Procedures, the time and place of the Auction, the time and place of the Sale Hearing, and the objection deadline for the Sale Hearing by sending a notice, substantially in the form attached hereto as Exhibit E, to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for 1234 Sponsor and 1400 Sponsor; (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002; (v) the Debtors' 20 largest unsecured creditors (on a consolidated basis); and (vi) any other parties known by the Trustee to have expressed an interest in a transaction with respect to all or part of the Purchased Assets (collectively, the "Notice Parties").

o  **Objections**.  The Notice of Auction and Sale Hearing will specify that objections to the relief requested by this Motion shall be set forth in writing and specify with particularity the grounds for such objections or other statements of position, and shall be filed and served on or before the date that is twenty-three days after entry of the Bidding Procedures Order (the "Objection Deadline"), on: (i) the Trustee, care of his counsel, Cozen O'Connor, 1201 N. Market St., Ste. 1001, Wilmington, DE 19801, Attn. Mark E. Felger, Esquire; (ii) counsel for 1234 Sponsor and 1400 Sponsor, ; and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19081 (collectively, the "Service Parties").  The Trustee requests that the Court order that the failure to file and serve objections by the Objection

Deadline and in accordance with the foregoing procedure shall be deemed a waiver of such objections, and any party failing to serve and file an objection as herein provided shall be forever barred from asserting such objection with respect to the consummation and closing of the Sale, including, without limitation, any objections relating to the proposed assumption and assignment of any executory contract or unexpired lease. The Notice of Auction and Sale Hearing will further state that any objections filed and served in accordance with the foregoing procedure will be heard by the Court at the Sale Hearing.

## RELIEF REQUESTED

28.     The Trustee seeks entry of the Bidding Procedures Order: (a) approving the Bidding Procedures; (b) scheduling the Auction and Sale Hearing; (c) approving the Notice Procedures; and (d) granting certain related relief.

29.     For reasons set forth above, the Trustee believes that entry of the Bidding Procedures Order on an expedited basis is warranted. Contemporaneously with this Motion, the Trustee is filing a motion requesting a shortened notice period and scheduling of an expedited hearing regarding the relief requested in the Bidding Procedures Order.

30.     In addition, at the conclusion of the Sale Hearing, the Trustee will seek entry of the Sale Order: (i) authorizing the sale of the Purchased Assets to the Successful Bidder(s); and (ii) granting certain related relief.

## BASIS FOR REQUESTED RELIEF

**A.     The Bidding Procedures Should Be Approved.**

31.     The Bidding Procedures are designed to generate the highest and best value for the Purchased Assets by facilitating a competitive Bidding Process in which all Potential Bidders are encouraged to participate and submit competing bids.

32.     The Trustee submits that, under the circumstances of this case, the Bidding Procedures and the proposed timeline for the sale process are in the best interests of the Estates, and should be approved.

**B.** **The Sale Should Be Approved Pursuant to Section 363(b) of the Bankruptcy Code.**

33.　　Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A court should approve a trustee's sale or use of assets outside of the ordinary course of business if the trustee demonstrates a sound business justification for the proposed transaction. *See, e.g., In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986). Once the trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995); *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("A presumption of reasonableness attaches to a Debtor's management decisions").

34.　　The Trustee has a sound business justification for selling the Purchased Assets according to the terms described herein. The fairness and reasonableness of the consideration to be paid for the Purchased Assets, as may be declared at the Sale Hearing, will be tested by exposure to the marketplace. Under the circumstances, the Trustee has proposed a fair and open Sale Process for attracting the highest and best value for the Purchased Assets.

35.　　Due to the risk of loss of value of the relevant real property, the prudent course for the Trustee is to proceed with a formal sale process as expeditiously as possible. Under the circumstances of this case, the Trustee's proposed sale process demonstrates sound business judgment, and represents the most practicable path to providing maximum value for the Estates and its creditors.

36.     Moreover, the Sale of the Purchased Assets will be subjected to a competitive process, enhancing the Trustee's ability to receive maximum value for the Purchased Assets. Consequently, the fairness and reasonableness of the consideration to be received by the Trustee will ultimately be demonstrated by a "market check" through the auction process, which is the best means for establishing whether the Trustee is receiving a fair and reasonable price for the Purchased Assets.

37.     In addition, the Trustee's service of the Notice of Auction and Sale Hearing is reasonably calculated to provide timely and adequate notice to the major creditor constituencies, those parties most interested in this case, those parties potentially interested in bidding on the Purchased Assets, and others whose interests are potentially affected by the proposed Sale.

38.     Accordingly, consummating the Sale expeditiously and in the manner proposed by the Trustee is in the best interest of the Estates.

**C.     The Sale Should be Made Free and Clear of Interests Pursuant to Section 363(f) of the Bankruptcy Code.**

39.     Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all Interests (with any such Interests attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets).

40.     Under section 363(f), a trustee may sell all or any part of the debtor's property fee and clear of any and all liens, claims, or interests in such property if: (1) such a sale is permitted under applicable non-bankruptcy law; (2) the party asserting such a lien, claim, or interest consents to such sale; (3) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

41.     As section 363(f) is written in the disjunctive, a trustee need only meet one of the five conditions of section 363(f). The Trustee is not aware of any liens or other interests in the Purchased Assets, but to the extent that any such liens or interests are asserted in the course of the sale process, the Trustee will be able to demonstrate at the Sale Hearing that he can satisfy one or more of these conditions with respect to each party holding a lien on or security interest in any of the Purchased Assets.

**D.      The Successful Bidders Should Receive the Protections of Section 363(m) of the Bankruptcy Code.**

42.     Pursuant to section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. *See In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 9 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Congoleum Corp.*, No. 03-51524, 2007 WL 1428477, at *2 (Bankr. D. N.J. May 11, 2007).

43.     In response to any objection, the Trustee will present facts at the Sale Hearing demonstrating that any Successful Bidder for the Purchased Assets has negotiated at arm's length, and that all parties were represented by their own counsel.

44.     Accordingly, the Sale Order includes a provision that each Successful Bidder for the Purchased Assets is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code. The Trustee believes that providing any Successful Bidder with such protection will ensure that the Estates will receive the maximum possible price for the Purchased Assets.

**E.      Relief from Bankruptcy Rule 6004(h) is Warranted.**

45.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court

orders otherwise." The Trustee requests that the Court waive this 14-day stay, and that the Sale Order be effective immediately.

46. The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and waive the 14-day stay, the leading bankruptcy treatise suggests that the fourteen day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY 15th Ed. Rev., ¶ 6004.10 at 6004-18 (L. King, 15th rev. ed. 2008). The treatise further suggests that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.

47. As described above, time is of the essence. The Trustee needs to move as expeditiously as possible in order to prevent a deterioration in value of the Estates' assets. Consequently, a waiver of the Bankruptcy Rule 6004(h) stay is appropriate and necessary.

## NOTICE

48. Notice of this Motion has been given to the Notice Parties. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that the Court enter the Bidding Procedures Order substantially in the form attached hereto as <u>Exhibit A</u>: (i) approving the Bidding Procedures; (ii) scheduling the Auction and Sale Hearing; (iii) approving the Notice Procedures; and (iv) granting related relief. The Trustee further requests that, after a Sale Hearing, the Court enter the Sale Order: (i) approving the sale of the Purchased Assets to the Successful Bidder(s); and (ii) granting certain related relief and such other relief as may be just and equitable.

Dated:   September 23, 2021

COZEN O'CONNOR

By:   */s/ Gregory F. Fischer*
 Mark E. Felger (No. 3919)
 Gregory F. Fischer (No. 5269)
 1201 North Market Street, Suite 1001
 Wilmington, DE 19801
 Telephone: (302) 295-2000
 mfelger@cozen.com
 gfischer@cozen.com

 *Counsel for Jeoffrey L. Burtch, Chapter 7*
 *Trustee*