# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Prodigy Network, LLC, *et al.*,[1] | ) | Case No. 21-10622-JTD |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: May 3, 2022 at 1:00 p.m. (ET) |
| | ) | Objection Deadline: April 19, 2022 at 4:00 p.m. (ET) |

## SUMMARY COVER SHEET FOR THE FIRST AMENDED INTERIM FEE APPLICATION OF DGW KRAMER LLP FOR ALLOWANCE OF CONTINGENCY COMPENSATION FOR SETTLEMENT WITH CANADIAN IMPERIAL BANK OF COMMERCE

| | |
|---|---|
| Name of Applicant: | DGW Kramer LLP |
| Authorized to Provide Professional Services to: | Chap. 7 Trustee, Jeoffrey L. Burtch |
| Date of Retention: | May 14, 2021 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $101,500.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0 |

This is an:   X  interim        ___final application

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

[2] $101,500.00 is the projected amount of fees to be paid, based on the assumption that all amounts payable under the Settlement Agreement (as defined in the Application) will in fact be paid.

# ATTACHMENT B TO FEE APPLICATION

| Name of Professional Person | Initials of Professional Person or Other Reference ID Used in the Application for the Professional Person | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Katherine Burghardt Kramer | KBK | Partner, licensed 2009 | $650 | n/a | |
| Rongping Wu | LWU | Partner, licensed 2004 | $650 | n/a | |
| Gareth Benjamin Turo | GBT | Associate, licensed 2018 | $450 | n/a | |
| **Grand Total:** | | | | | $101,500 |
| **Blended Rate:** | | | n/a | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Litigation | | $101,500 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| | | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Prodigy Network, LLC, *et al.*,[1] | ) | Case No. 21-10622-JTD |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: May 3, 2022 at 1:00 p.m. (ET) |
| | ) | Objection Deadline: April 19, 2022 at 4:00 p.m. (ET) |

## FIRST AMENDED INTERIM FEE APPLICATION OF DGW KRAMER LLP FOR ALLOWANCE OF CONTINGENCY COMPENSATION FOR SETTLEMENT WITH CANADIAN IMPERIAL BANK OF COMMERCE

NOW COMES, DGW Kramer LLP ("DGWK" or "Applicant"), special litigation counsel for the duly appointed Chapter 7 Trustee, Jeoffrey L. Burtch (the "Trustee"), for the estates ("Estates") of the above-named debtors (the "Debtors"), and hereby submits this first amended[2] interim fee application (this "Application") pursuant to sections 328, 330, and 331 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Fed. R. Bankr. P. ("FBRP"), and Rule 2016-2 of the Local Bankruptcy Rules ("LBR") for (1) interim allowance and payment of contingency compensation for the settlement with Canadian Imperial

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

[2] On December 13, 2021, DGWK submitted the First Interim Fee Application of DGW Kramer for Allowance of Compensation and Reimbursement of Expenses for the Period of May 1, 2021 to and Including October 31, 2021 (the "First Interim Fee Application") (DI 135) for hourly compensation for special litigation counsel investigation work undertaken through October 31, 2021. For a variety of reasons, adjudication of that fee application has been continued and the application has not yet been adjudicated. Through the submission of this First Amended Interim Fee Application, DGWK rescinds the First Interim Fee Application. Any balance of fees sought in that initial application will be sought at a future date through a subsequent fee application.

Bank of Commerce ("CIBC") (a) in the projected amount of $101,500, representing 35% success fee on the $290,000 settlement with CIBC, effectuated after litigation was initiated. In support of the Application, DGWK respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue for this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the FBRP, and LBR 2016-2.

## BACKGROUND

4. The Debtors commenced these jointly administered cases on March 25, 2021 (the "Petition Date"). By order dated April 13, 2021, the Debtors' chapter 7 cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 (D.I. 11).

5. On May 14, 2021, the Trustee submitted an Application to Retain and Employ DGW Kramer LLP as Special Litigation Counsel ("Retention Application") (D.I. 21).

6. On May 28, 2021, the Trustee noticed the Court that the jointly administered cases were to be changed from Chap. 7 No-Asset cases to Chap. 7 Asset cases (D.I. 24). On May 29, 2021, the Court issued a Notice of Assets for the Debtors' Estates (D.I. 25).

7. On June 3, 2021, the Court issued an order authorizing the Trustee to retain and employ DGWK as the Estates' special litigation counsel, in the Order Authorizing Jeoffrey L.

Burtch, Chapter 7 Trustee, to Retain and Employ DGW Kramer LLP as Special Litigation Counsel to the Trustee Pursuant to 11 U.S.C. §§ 327, 328, 330, and 331 and Fed. R. Bankr. P. 2014 (D.I. 27) (the "Retention Order"). The Retention Order authorizes the Trustee to compensate and reimburse DGWK in accordance with the terms and conditions as set forth in the Retention Application, subject to DGWK's application to the Court. In reliance on the anticipated retention, DGWK began its investigation on behalf of the Trustee as of May 1, 2021.

8. The Retention Application sets forth the metrics for calculating DGWK's fees. For work under the "Investigation Phase," DGWK "shall be paid on an hourly basis at its usual and customary rates, plus reimbursement of actual out of pocket costs and expenses, up to a cap of $375,000." For work under the "Litigation Phase," the fees are awarded solely based upon a percentage of recovery, and the Investigation Phase fees offset the Litigation Phase fees up to the agreed-upon fee cap. Specifically, in paragraph 9, the Retention Application states:

> In the event that DGWK recommends that the Trustee pursue any of the Third Party Claims and the Trustee decides, in his sole discretion, to pursue such claims, then DGWK shall prosecute such claims on behalf of the estates (the "Litigation Phase"). From and after the delivery of its recommendation to the Trustee, DGWK shall be entitled to the following compensation: (i) reimbursement of reasonable costs and expenses incurred during the Litigation Phase; (ii) twenty-five percent (25%) of the final recovery received by the chapter 7 estates in these bankruptcy cases from any settlement or judgment entered into prior to the initiation of litigation, calculated after payment of allowable costs and expenses incurred in connection with such recovery; (iii) thirty-five percent (35%) of the final recovery received after the initiation of litigation, calculated after payment of allowable costs and expenses incurred in connection with such recovery; and (iv) an additional 5% of the final recovery for any recovery received after an appeal, calculated after payment of allowable costs and expenses incurred in connection with such recovery; **provided, however**, that the fees incurred during the Investigative Phase shall be credited against, and shall reduce, the aggregate fees incurred during the Litigation Phase. Any fees for experts and their reports, and fees for consultants related to any Third Party Claims will be paid directly by the Estate and will not be borne by DGWK, provided that the Trustee has previously approved the retention of any experts and consultants. In the case of any experts, the Trustee shall retain any such experts directly rather than through DGWK.

(Emphasis added.)

3

9. On or about December 13, 2021, DGWK submitted the First Interim Fee Application for compensation for its Investigation Phase work from May 1, 2021, through October 31, 2021. For a variety of reasons, final adjudication of that fee application has been continued and final adjudication has not yet occurred. DGWK now rescinds its First Interim Fee Application and submits this First Amended Interim Fee Application. In so doing, DGWK does not waive its claim for the balance of any fees owed for its work in the Investigation Phase, but expressly reserves the right to submit an application for such fees in conjunction with a future fee application.

10. No fees have yet been paid to DGWK for work undertaken under the Investigation Phase. Under the terms of the Retention Order, therefore, no fees from the Investigation Phase shall offset the contingency compensation sought herein.

11. As previously set forth in the now-rescinded First Interim Fee Application, DGWK has incurred more in fees for work under the Investigation Phase than its proposed contingency recovery sought herein. Specifically, the First Interim Fee Application sought compensation of $209,835.00 in fees incurred between May 1, 2021, and October 31, 2021. The contingency compensation sought herein is $101,500, which amount is based on the assumption that payment is made in accordance with the terms of the Settlement Agreement (as defined below). Any subsequent interim fee applications by DGWK will be made in accordance with the offset provisions of the Retention Application.

12. Applicant respectfully submits that any authorized compensation should be paid and distributed in accordance with the Retention Order.

13. To date, DGWK has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters

covered by this Application. There is no agreement or understanding between DGWK and any other person other than among the partners of DGWK for the sharing of compensation to be received for services rendered in these cases.

14. No previous fee application has been filed for the fees and expenses requested herein. As noted, on or about December 13, 2021, DGWK submitted the First Interim Fee Application for compensation for its Investigation Phase work from May 1, 2021 through October 31, 2021, but final adjudication of that fee application has not yet occurred, and DGWK now rescinds the First Interim Fee Application and submits this First Amended Interim Fee Application.

15. On February 8, 2021, CIBC commenced a mortgage foreclosure action in New York Supreme Court, New York County, to foreclose upon certain real property located in the City of New York, which is owned by 234 E. 46th Street Property Owner LLC (the "Foreclosure Action"), Index No. 850006/2021. On June 1, 2021, DGWK filed a letter with the court in the Foreclosure Action, notifying the foreclosure court of their appointment as special litigation counsel for the Trustee and their intention to intervene in the action on behalf of the Trustee. On October 1, 2021, after several more months of intense investigation to better understand the Debtors' business operations, DGWK filed an Order to Show Cause regarding a motion to intervene on behalf of the Trustee. On November 23, 2021, the foreclosure court granted the Trustee leave to intervene in the Foreclosure Action on behalf of the Prodigy Network LLC estate. On November 30, 2021, the Trustee moved for an automatic stay of the Foreclosure Action pursuant to 11 U.S.C. § 362(a), which CIBC opposed. On December 3, 2021, CIBC filed a Notice of Appeal of the order granting intervention. On December 10, 2021, DGWK on behalf of the Trustee filed a motion for a discretionary stay of the Foreclosure Action pending appeal.

Both the motion for automatic stay and for discretionary stay pending appeal remained pending when the parties reached a settlement. On March 24, 2022, the Trustee and CIBC reached a resolution of all claims that were or could be levied by the Trustee regarding the Foreclosure Action. In material part, CIBC has agreed to pay $290,000.00 to the Prodigy Network LLC Estate.

16. As set forth in the contemporaneously filed Motion of Chapter 7 Trustee for an Order Approving Settlement Agreement By and Between Chapter 7 Trustee and CIBC (the "<u>CIBC 9019 Motion</u>"), the Settlement Agreement (as defined in the CIBC 9019 Motion) and the proposed settlement and compromise embodied therein are reasonable. The Trustee has conducted a reasonable investigation under the circumstances, and has determined that it is unlikely that any claims that might be asserted by or on behalf of any of the Estates would result in a recovery greater than what will be realized under the Settlement Agreement. This is particularly true in light of the considerable expense that would necessarily be incurred if litigation were pursued. Accordingly, the settlement amount is reasonable.

17. Further, this compensation now sought by DGWK is reasonable, in light of the effort undertaken with regards to the Foreclosure Action and DGWK's uncompensated (to date) work undertaken under the Investigation Phase of the Retention Application.

## **RELIEF REQUESTED**

18. By this Application, in accordance with the Retention Order and all documents incorporated by reference therein, DGWK respectfully requests payment in an amount equal to 35% of the settlement proceeds received by the Prodigy Network LLC Estate under the terms of the Settlement Agreement.

## SUMMARY OF SERVICES RENDERED

19. Pursuant to the Retention Order, DGWK was retained to pursue the investigation and possible prosecution of certain causes of action against various insiders and others based on various theories, including, but not limited to, fraud, intentional misrepresentation, breach of fiduciary duty, and fraudulent transfers. *See* Retention Application (D.I. 21). As outlined in the Retention Application, DGWK was retained and would be compensated under Sections 328(a), 330, and 331. Its "Investigation Phase" would be compensated hourly up to a cap of $375,000.00, and DGWK would receive contingency compensation for any recoveries, to be offset against Investigation Phase compensation.

20. The professionals who provided services to the Trustee in relation to the CIBC matter are (i) Katie Burghardt Kramer; (ii) Rongping Wu; and (iii) Gareth Turo.

21. In accordance with the factors enumerated in Sections 328(a), 330, and 331, of the Bankruptcy Code, DGWK respectfully submits that the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, DGWK has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.

## ACTUAL AND NECESSARY EXPENSES

22. DGWK did not incur any expenses or costs specifically in relation to the CIBC matter.

WHEREFORE, Applicant respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**, (a) allowing Applicant (i) interim compensation for actual, reasonable, and necessary professional services rendered on behalf of

the Trustee in an amount equal to 35% of funds actually received from CIBC pursuant to the Settlement Agreement; (b) authorizing the Trustee to pay Applicant compensation in the allowed amount, solely out of funds actually received from CIBC pursuant to the Settlement Agreement; and (c) granting any further relief that may be appropriate.

Dated: March 29, 2022

*/s/ Katherine Burghardt Kramer*
Katherine Burghardt Kramer, Esq.
(*Pro Hac Vice*)
Rongping Wu, Esq.
(*Pro Hac Vice*)
DGW KRAMER LLP
One Rockefeller Plaza, 10th Fl.
Suite 1060
New York, NY 10020
T: (917) 633-6860
F: (917) 630-6183
kkramer@dgwllp.com
lwu@dgwllp.com

*Special Counsel for Chap. 7 Trustee*
*Jeoffrey L. Burtch*

# VERIFICATION

I, Katherine Burghardt Kramer, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant firm, DGW Kramer, LLP.

b) I have personally performed or supervised the legal services rendered by DGW Kramer, as special counsel to Jeoffrey L. Burtch, Chapter 7 Trustee of Prodigy Network LLC and its affiliated debtors.

c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Rule.

Dated: March 29, 2022

*/s/ Katherine B. Kramer*
Katherine B. Kramer
