# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prodigy Network, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 21-10622 (JTD)<br><br>Re: Docket No. __ |

### ORDER GRANTING TRUSTEE'S MOTION FOR ORDER: (I) APPROVING SETTLEMENT AGREEMENTS PURSUANT RULE 9019; (II) APPROVING SALE OF INSURANCE POLICY TO CARRIER; AND (III) GRANTING RELATED RELIEF

Upon consideration of the Motion[2] filed by Jeoffrey L. Burtch (the "Trustee"), in his capacity as the Chapter 7 Trustee of the estate of the above-referenced debtors (the "Debtors"), for approval of the Settlement Agreements pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, approval of the sale of the Policy, and granting related relief; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court further finding that notice of the motion and the hearing on the motion was adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court further finding that good and sufficient cause exists for granting the relief requested in

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each case follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), and Prodigy Network, LLC (21-10622-JTD).

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

the motion; therefore, after due deliberation and sufficient cause appearing therefor, and after notice and hearing, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Settlement Agreements and all terms and provisions thereof are approved.

3. The Trustee, Great American, and Emily Capkanis are authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreements.

4. The net proceeds received under the Settlement Agreements shall be paid to, and become property of, the bankruptcy estate of the Debtor Prodigy Network, LLC (Case No. 21-10622-JTD).

5. Pursuant to section 363(b) and (f), the sale of the Policy to Great American is approved, and, upon payment of the Great American Settlement Payment, all right, title, and interest in the Policy shall be transferred to Great American free and clear of any interest of any Persons in the Policy.

6. Any party who otherwise might have asserted any rights under or interests in or related to the Policy who did not object, or who withdrew their objections, to the Motion or the Sale Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code, and further deemed to have waived any such rights or interests.

7. Any rights that any entity or person might have relating to the Policy shall attach to the Great American Settlement Payment, less the Capkanis Settlement Payment.

8. All Persons who hold or assert, or may in the future hold or assert, any claim against an Insured, arising in connection with any activities covered by the Policy, or in connection with the Insured's activities giving rise to the claims made or to be made under the Policy, and any other

Person who may claim to be an insured, additional insured, or otherwise entitled to any benefit or recovery, directly or indirectly, from or under the Policy, are permanently stayed, restrained, and enjoined from asserting any such claim, right or entitlement, commencing a proceeding, or taking any other action against Great American for the purpose of obtaining any recovery or other relief from Great American or under or in connection with the Policy.

9. The Policy shall be deemed exhausted, and nothing in the Motion, the Settlement Agreements, or this Order shall constitute a waiver of any rights that the Trustee or the Estates may have under any other insurance policy or policies.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the agreements approved herein.