# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Prodigy Network, LLC, *et al.*,[1] | ) | Case No. 21-10622-JTD |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: December 8, 2022 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: December 1, 2022 at 4:00 p.m. (ET)** |

## SUMMARY COVER SHEET FOR THE SECOND INTERIM FEE APPLICATION OF DGW KRAMER LLP FOR ALLOWANCE OF CONTINGENCY COMPENSATION FOR SETTLEMENT WITH GREAT AMERICAN INSURANCE COMPANY

| | |
|---|---|
| Name of Applicant: | DGW Kramer LLP |
| Authorized to Provide Professional Services to: | Chap. 7 Trustee, Jeoffrey L. Burtch |
| Date of Retention: | May 14, 2021 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $791,125.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $19,687.29 |
| This is an: | _X_ interim  ___ final application |

Prior Application(s) filed:

| Docket No. | Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|---|
| 167 | 3/29/2022 | N/A | $101,500.00 | $0.00 |

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

[2] The Great American Insurance Company settlement amount is $3,164,500.00, and under the Retention Order, DGW Kramer shall receive compensation of 25% of recovered amounts recovered, as here, prior to initiation of litigation.

LEGAL\60353383\1

**ATTACHMENT B TO FEE APPLICATION**

| Name of Professional Person | Initials of Professional Person or Other Reference ID Used in the Application for the Professional Person | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Katherine Burghardt Kramer | KBK | Partner, licensed 2009 | $650 | n/a | |
| Rongping Wu | LWU | Partner, licensed 2004 | $650 | n/a | |
| Gareth Benjamin Turo | GBT | Associate, licensed 2018 | $450 | n/a | |
| **Grand Total:** | | | | | $791,125.00 |
| **Blended Rate:** | | | n/a | | |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Litigation | | $791,125.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| See Exhibit B (expense summary) | | $19,687.29 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Prodigy Network, LLC, *et al.*,[1] | ) | Case No. 21-10622-JTD |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: December 8, 2022 at 10:00 a.m. (ET) |
| | ) | Objection Deadline: December 1, 2022 at 4:00 p.m. (ET) |

## SECOND INTERIM FEE APPLICATION OF DGW KRAMER LLP FOR ALLOWANCE OF CONTINGENCY COMPENSATION FOR SETTLEMENT WITH GREAT AMERICAN INSURANCE COMPANY

NOW COMES, DGW Kramer LLP ("DGWK" or "Applicant"), special litigation counsel for the duly appointed Chapter 7 Trustee, Jeoffrey L. Burtch (the "Trustee"), for the estates ("Estates") of the above-named debtors (the "Debtors"), and hereby submits this second[2] interim fee application (this "Application") pursuant to sections 328, 330, and 331 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Fed. R. Bankr. P. ("FBRP"), and Rule 2016-2 of the Local Bankruptcy Rules ("LBR") for (1) interim allowance and payment of contingency compensation for the settlement with Great American Insurance

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), Prodigy Network, LLC (21-10622-JTD).

[2] On December 13, 2021, DGWK submitted the First Interim Fee Application of DGW Kramer for Allowance of Compensation and Reimbursement of Expenses for the Period of May 1, 2021 to and Including October 31, 2021 (the "First Interim Fee Application") (DI 135) for hourly compensation for special litigation counsel investigation work undertaken through October 31, 2021. On March 30, 2022, DGWK withdrew the First Interim Fee Application (DI 168). On March 29, 2022, DGWK submitted its First Amended Interim Fee Application, seeking contingency compensation for the settlement with Canadian Imperial Bank of Commerce only, in the amount of $101,500.00 (D.I. 167). On April 25, 2022, the Court granted DGWK's First Amended Interim Fee Application (D.I. 176). No other fee applications for DGWK have been approved by the Court to date.

Company ("GAIC") and (2) reimbursement of costs and expenses, in the projected amount of $791,125.00, representing a 25% success fee on the $3,164,500.00 settlement with GAIC, effectuated before litigation was initiated against GAIC and $19,687.29 in costs and expenses incurred to date in conjunction with DGWK's investigation.[3] In support of the Application, DGWK respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue for this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the FBRP, and LBR 2016-2.

4. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, DGWK consents to entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

5. The Debtors commenced these jointly administered cases on March 25, 2021 (the "Petition Date"). By order dated April 13, 2021, the Debtors' chapter 7 cases have been jointly

---

[3] The Trustee's motion for approval of the settlement with GAIC is pending (DI 190), with an objection deadline of November 15, 2022, and a hearing scheduled for November 22, 2022. This Second Interim Fee Application is contingent on the approval of that motion.

2

administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 (D.I. 11).

6. On May 14, 2021, the Trustee submitted an Application to Retain and Employ DGW Kramer LLP as Special Litigation Counsel ("Retention Application") (D.I. 21).

7. On June 3, 2021, the Court issued an order authorizing the Trustee to retain and employ DGWK as the Estates' special litigation counsel, in the Order Authorizing Jeoffrey L. Burtch, Chapter 7 Trustee, to Retain and Employ DGW Kramer LLP as Special Litigation Counsel to the Trustee Pursuant to 11 U.S.C. §§ 327, 328, 330, and 331 and Fed. R. Bankr. P. 2014 (D.I. 27) (the "Retention Order"). The Retention Order authorizes the Trustee to compensate and reimburse DGWK in accordance with the terms and conditions as set forth in the Retention Application, subject to DGWK's application to the Court.

8. The Retention Application sets forth the metrics for calculating DGWK's fees. For work under the "Investigation Phase," DGWK "shall be paid on an hourly basis at its usual and customary rates, plus reimbursement of actual out of pocket costs and expenses, up to a cap of $375,000." For work under the "Litigation Phase," the fees are awarded solely based upon a percentage of recovery, and the Investigation Phase fees offset the Litigation Phase fees up to the agreed-upon fee cap. Specifically, in paragraph 9, the Retention Application states:

> In the event that DGWK recommends that the Trustee pursue any of the Third Party Claims and the Trustee decides, in his sole discretion, to pursue such claims, then DGWK shall prosecute such claims on behalf of the estates (the "Litigation Phase"). From and after the delivery of its recommendation to the Trustee, DGWK shall be entitled to the following compensation: (i) reimbursement of reasonable costs and expenses incurred during the Litigation Phase; (ii) twenty-five percent (25%) of the final recovery received by the chapter 7 estates in these bankruptcy cases from any settlement or judgment entered into prior to the initiation of litigation, calculated after payment of allowable costs and expenses incurred in connection with such recovery; (iii) thirty-five percent (35%) of the final recovery received after the initiation of litigation, calculated after payment

3

of allowable costs and expenses incurred in connection with such recovery; and (iv) an additional 5% of the final recovery for any recovery received after an appeal, calculated after payment of allowable costs and expenses incurred in connection with such recovery; **provided, however**, that the fees incurred during the Investigative Phase shall be credited against, and shall reduce, the aggregate fees incurred during the Litigation Phase. Any fees for experts and their reports, and fees for consultants related to any Third Party Claims will be paid directly by the Estate and will not be borne by DGWK, provided that the Trustee has previously approved the retention of any experts and consultants. In the case of any experts, the Trustee shall retain any such experts directly rather than through DGWK.

(Emphasis added.)

9. On or about December 13, 2021, DGWK submitted the First Interim Fee Application for compensation for its Investigation Phase work from May 1, 2021, through October 31, 2021 (DI 135). On March 30, 2022, DGWK rescinded and withdrew the First Interim Fee Application (DI 168). On March 29, 2022, DGWK submitted its First Amended Interim Fee Application, seeking contingency compensation for the settlement with Canadian Imperial Bank of Commerce only, in the amount of $101,500.00 (D.I. 167). On April 25, 2022, the Court granted DGWK's First Amended Interim Fee Application (D.I. 176).

10. No other fee applications for DGWK have been approved by the Court to date.

11. The fees sought in this Second Interim Fee Application exceed the capped amount of the Investigation Phase of $375,000.00. The fees sought here are calculated based on the Litigation Phase contingency formula.

12. Nevertheless, the extensive work undertaken by DGWK in the Investigation Phase supports the reasonableness of the fees sought in this Application. As set forth in the now-withdrawn First Interim Fee Application (DI 135), DGWK incurred more than $209,000.00 in legal fees from May 2021 to October 2021 – which was more than a year ago. Since then, DGWK has incurred significant additional time investigating potential claims in the Investigation Phase.

Moreover, DGWK expended substantial effort to bring GAIC to the negotiating table, to identify and explain potential claims and liabilities, and to reach a successful resolution.

13. DGWK therefore respectfully submits that any authorized compensation should be paid and distributed in accordance with the Retention Order.

14. To date, DGWK has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Application. There is no agreement or understanding between DGWK and any other person other than among the partners of DGWK for the sharing of compensation to be received for services rendered in these cases.

15. No previous fee application has been filed for the fees and expenses requested herein. As noted, on or about March 29, 2022, DGWK submitted the First Amended Interim Fee Application for compensation for resolution of claims against CIBC. Further, DGWK submitted but withdrew its First Interim Fee Application for its Investigation Phase work from May 1, 2021 through October 31, 2021.

16. On or about September 10, 2021, DGWK first contacted GAIC on behalf of the Trustee regarding claims that could be covered under an insurance policy (the "Policy") written by GAIC for the benefit of Debtors and other related entities. DGWK and counsel for GAIC exchanged numerous letters and communicated by phone and email for many months regarding the Trustee's contentions. DGWK prepared voluminous written materials to explain its claims and theories of liability to GAIC and prompt pre-litigation resolution.

17. On or about May 24, 2022, the Trustee and GAIC participated in a mediation, along with a creditor of Prodigy Network who had commenced pre-petition litigation against Prodigy Network and sought coverage for her claims under the Policy. The parties did not settle at that

time, and DGWK continued negotiations over the next several months, exerting significant pressure on GAIC to bring the matter to resolution.

18. On or about October 10, 2022, the Trustee and GAIC finally executed a settlement agreement.

19. As set forth in the recently filed Motion of Chapter 7 Trustee for an Order Approving Settlement Agreements Pursuant to Rule 9019 and Approving Sale of Insurance Policy to Carrier (the "<u>GAIC 9019 Motion</u>") (DI 190), the Settlement Agreement (as defined in the GAIC 9019 Motion) and the proposed settlement and compromise embodied therein are reasonable. The Trustee has conducted a reasonable investigation under the circumstances, and has determined that it is unlikely that any claims regarding the Policy that might be asserted by or on behalf of any of the Estates would result in a recovery from GAIC greater than what will be realized under the Settlement Agreement. This is particularly true in light of the considerable expense that would necessarily be incurred if litigation were pursued and the fact that litigation would erode the Policy. Accordingly, the settlement amount is reasonable.

20. Further, this compensation now sought by DGWK is reasonable, in light of the effort undertaken with regards to the claims under the Policy, the work undertaken for investigation of potential claims, and the limited compensation received by DGWK to date, despite working on behalf of the Trustee since May 2021 and expending hundreds of hours of time on these matters.

**<u>RELIEF REQUESTED</u>**

21. By this Application, in accordance with the Retention Order and all documents incorporated by reference therein, DGWK respectfully requests payment in an amount equal to 25% of the settlement proceeds received by the Prodigy Network LLC Estate under the terms of

the Settlement Agreement, along with reimbursement of costs and expenses incurred to date in conjunction with the Investigation Phase of DGWK's work.

## SUMMARY OF SERVICES RENDERED

22. Pursuant to the Retention Order, DGWK was retained to pursue the investigation and possible prosecution of certain causes of action against various insiders and others based on various theories, including, but not limited to, fraud, intentional misrepresentation, breach of fiduciary duty, and fraudulent transfers. *See* Retention Application (D.I. 21). As outlined in the Retention Application, DGWK was retained and would be compensated under Sections 328(a), 330, and 331. Its "Investigation Phase" would be compensated hourly up to a cap of $375,000.00, and DGWK would receive contingency compensation for any recoveries, to be offset against Investigation Phase compensation.

23. The professionals who provided services to the Trustee in relation to the GAIC matter are (i) Katie Burghardt Kramer; (ii) Rongping Wu; and (iii) Gareth Turo.

24. In accordance with the factors enumerated in Sections 328(a), 330, and 331, of the Bankruptcy Code, DGWK respectfully submits that the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, DGWK has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.

## ACTUAL AND NECESSARY EXPENSES

25. DGWK also seeks reimbursement of its expenses and costs incurred in relation to the Investigation Phase of its engagement.

26. The actual and necessary expenses total $19,687.29. These costs include data storage, subscription to the Real Deal, subpoena costs, postage and shipping, and court reporter deposition costs for Rule 2004 examinations of witnesses.

WHEREFORE, Applicant respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**, (a) allowing Applicant (i) interim compensation for actual, reasonable, and necessary professional services rendered on behalf of the Trustee in an amount equal to 25% of funds actually received from GAIC pursuant to the Settlement Agreement; (b) authorizing the Trustee to pay Applicant compensation in the allowed amount, solely out of funds actually received from GAIC pursuant to the Settlement Agreement; (c) authorizing the Trustee to reimburse the Applicant for reasonable and necessary costs and expenses identified above and in Exhibit B; and (d) granting any further relief that may be appropriate.

Dated: November 14, 2022

*/s/ Katherine Burghardt Kramer*
Katherine Burghardt Kramer, Esq.
(*Pro Hac Vice*)
Rongping Wu, Esq.
(*Pro Hac Vice*)
DGW KRAMER LLP
One Rockefeller Plaza, 10th Fl.
Suite 1060
New York, NY 10020
T: (917) 633-6860
F: (917) 630-6183
kkramer@dgwllp.com
lwu@dgwllp.com

*Special Counsel for Chap. 7 Trustee Jeoffrey L. Burtch*

## VERIFICATION

I, Katherine Burghardt Kramer, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant firm, DGW Kramer, LLP.

b) I have personally performed or supervised the legal services rendered by DGW Kramer, as special counsel to Jeoffrey L. Burtch, Chapter 7 Trustee of Prodigy Network LLC and its affiliated debtors.

c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Rule.

Dated: November 14, 2022

/s/ Katherine B. Kramer
Katherine B. Kramer