IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Prodigy Network, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 21-10622 (JTD)<br><br>**Objection Deadline: February 15, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: March 1, 2023 at 10:00 a.m. (ET)** |

## TRUSTEE'S MOTION FOR ORDER (I) APPROVING SETTLEMENT AGREEMENT WITH 1450 BRICKELL LLC PURSUANT RULE 9019; AND (II) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, the duly appointed Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), by and through his counsel, hereby files this motion for entry of an order: (I) approving the Settlement Agreement with 1450 Brickell LLC ("Brickell") (as further defined below, the "Settlement Agreement") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (II) granting related relief (the "Motion"), and in support thereof, states as follows:

## JURISDICTION, VENUE, PREDICATES FOR RELIEF

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each case follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), and Prodigy Network, LLC (21-10622-JTD).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 363[2] and Bankruptcy Rules 6004 and 9019.

4. Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## PRELIMINARY STATEMENT[3]

5. By this Motion, the Trustee is seeking Court approval of the Settlement Agreement, attached as Exhibit A, between the Trustee and Brickell, under which the estate of Prodigy Network LLC ("Prodigy Network") will receive a settlement payment in the amount of $25,000 from Brickell.

6. The settlement resolves the Trustee's potential claims against Brickell for avoidance of transfers.

7. Absent a settlement of these claims, the Trustee would have to engage in costly and time-consuming litigation of his claims against Brickell, and success in litigation of these claims would be uncertain.

## BACKGROUND

8. On March 25, 2021, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

9. On or about March 26, 2021, the Trustee was appointed as interim trustee pursuant to Section 701 of the Bankruptcy Code.

10. The meeting of creditors held pursuant to Section 341 of the Bankruptcy Code was

---

[2] Unless otherwise indicated, all statutory citations are to the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")).

[3] While Brickell supports approval of the settlement, the statements and contentions in this Motion are solely those of the Trustee.

started on April 29, 2021 and was concluded on May 19, 2021. The Trustee is now serving pursuant to Section 702(d) of the Bankruptcy Code.

11. Debtor Prodigy Network Miami LLC ("Prodigy Miami") leased commercial real estate from Brickell in Miami, Florida. Prodigy Miami was the sole signatory of the relevant lease agreements.

12. For a period of time in June 2018 through July 2019, financial records show that Prodigy Network made certain lease payments totaling approximately $165,000 to Brickell (the "Transfers").

13. Prodigy Network was not obligated under the lease documents to Brickell.

14. The Trustee has identified potential claims for avoidance of the Transfers (the "Claims").

15. The Trustee presented these Claims to Brickell in a pre-suit demand letter, and Brickell responded by asserting numerous defenses. The parties engaged in informal negotiation to reach resolution of the Claims.

## ARGUMENT

16. The Trustee believes that there may be defenses to the Claims, and that the cost to the estates of litigating these issues may very well exceed the amount of the potential recovery. Settlement therefore is reasonably calculated to best preserve the value of the estates.

17. While the Trustee believes the Claims have merit, litigation would be difficult and costly, and there can be no certainty that the Trustee would prevail.

18. Another significant factor to consider is the fees that will be payable to the Trustee's counsel out of any recovery. The Trustee has engaged special litigation counsel, which is entitled to reimbursement of costs and expenses and a contingent fee equal to: (a) twenty-five percent

(25%) of any recovery realized prior to the commencement of litigation; or (b) thirty-five percent (35%) of any recovery realized after the commencement of litigation. See Application to Retain and Employ DGW Kramer LLP as Special Litigation Counsel [D.I. 21], and Order Authorizing Jeoffrey L. Burtch, Chapter 7 Trustee, to Retain and Employ DGW Kramer LLP as Special Litigation Counsel to the Trustee Pursuant to 11 U.S.C. §§ 327, 328, 330, and 331 and Fed. R. Bankr. P. 2014 [D.I. 27]. By resolving the Claims before the initiation of litigation, the Trustee will not only avoid the substantial costs and expenses associated with litigation of this type, he will also reduce professional fees by ten percent (10%).

19. With all of the foregoing issues and considerations in mind, the Trustee seeks entry of an order, substantially in the form of the proposed order attached hereto: (a) approving the Settlement Agreement; and (b) granting related relief.

20. In connection with the relief sought herein, the Trustee further seeks approval of his determination that the entirety of the net proceeds realized through the Settlement Agreement should be allocated to the Prodigy Network estate.

**A. Approval of Settlement Agreements**

21. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

22. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d

1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . . .") (internal citation marks and quotation marks omitted).

23. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

24. The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

25. In making its decisions, the bankruptcy court should not substitute its judgment for that of the trustee. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should evaluate the issues to determine "whether the settlement fall[s] below

the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

26. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

27. The Trustee believes that the Settlement Agreement rises well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors weighs heavily in favor of the Settlement Agreement. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

28. While the Trustee believes that there is more than a plausible possibility of success on the Claims if litigation were to be commenced, the outcome of such litigation can never be certain. Brickell has identified numerous defenses to the Claims.

29. The risks inherent in litigation of the Claims more than justify the discount that the

Trustee is taking on what theoretically might be collected for the Claims.

30. In the absence of recovery through settlement, it is uncertain whether the Trustee would face any difficulties in enforcing any judgment that might be entered on account of the Claims. While Brickell appears to be solvent at this time, there is always a risk that circumstances could change in the future.

31. The litigation of the Claims would raise complex issues, particularly with regards to any need to establish insolvency of Prodigy Network at the time of the transfers and assessment of the value received, if any, by Prodigy Network as a result of the transfers to Brickell. These issues are very fact-intensive, and the Trustee might need to engage an expert to prove insolvency.

32. Consideration of the complexity of litigation involved, and expense, inconvenience, and delay necessarily attending such litigation weighs heavily in favor of approval of the Settlement Agreement.

33. The Settlement Agreement serves the paramount interest of creditors. Resolution of claims against Brickell pre-litigation represents a successful outcome for creditors by obviating the need for potentially protracted and uncertain litigation, and the fees and expenses necessarily attendant to such litigation. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of approval of the Settlement Agreement.

34. Based on the foregoing, the Trustee submits that approval of the Settlement Agreement is in the best interests of the estates and creditors.

**B. Approval of the Proposed Allocation of Settlement Proceeds**

35. Finally, the Trustee requests that the Court approve the Trustee's determination that the entirety of the net proceeds of the Settlement Agreement should be allocated to, and be deemed the sole property of, the Prodigy Network estate (Case No. 21-10622).

## NOTICE

36. Substantially contemporaneously with the filing of this Motion, the Trustee is serving a copy of the same on: (a) Debtors' counsel; (b) the United States Trustee; (c) counsel for Brickell; and (d) all parties in interest having requested notice pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>"). In light of the nature of the relief requested herein, the Trustee submits that such notice is sufficient.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto as <u>Exhibit B</u>: (I) granting the Motion; (II) approving the Settlement Agreement; and (III) granting such other and further relief as may be just and equitable.

Dated: January 20, 2023

**COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
Email: mfelger@cozen.com
gfischer@cozen.com

*Attorneys for Jeoffrey L. Burtch,*
*Chapter 7 Trustee*