IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Prodigy Network, LLC, *et al.*,[1] | Case No. 21-10622 (JTD) |
| Debtors. | Re: Docket No. 207 |

### ORDER GRANTING TRUSTEE'S MOTION FOR ORDER: (I) APPROVING SETTLEMENT AGREEMENT PURSUANT RULE 9019; (II) APPROVING SALE OF INSURANCE POLICY TO CARRIER; AND (III) GRANTING RELATED RELIEF

Upon consideration of the Motion[2] filed by Jeoffrey L. Burtch (the "Trustee"), in his capacity as the Chapter 7 Trustee of the estate of the above-referenced debtors (the "Debtors"), for approval of the Settlement Agreement with Hartford Accident and Indemnity Company ("Hartford") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, approval of the sale of the Hartford Policy, and granting related relief; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court further finding that notice of the motion and the hearing on the motion was adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court further finding that good and sufficient cause exists for granting the relief requested in the motion;

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each case follows in parentheses): 1234 W. Randolph Realty Associates LLC (21-10612-JTD), Prodigy Shorewood Master Rep Fund LLC-1234 W Randolph Series (21-10613-JTD), 1234 W Randolph Newco, Inc. (21-10614-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC-1234 W Randolph Series (21-10615-JTD), 1400 N Orleans Realty Associates LLC (21-10616-JTD), Prodigy Shorewood Master Rep Fund LLC-1400 N. Orleans Series (21-10617-JTD), Prodigy Shorewood Domestic Feeder Rep Fund LLC- 1400 N Orleans Series (21-10618-JTD), 1400 N Orleans Newco, Inc. (21-10619-JTD), Prodigy Network Miami, LLC (21-10620-JTD), The Assemblage Hospitality, LLC (21-10621-JTD), and Prodigy Network, LLC (21-10622-JTD).

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

therefore, after due deliberation and sufficient cause appearing therefor, and after notice and hearing, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Settlement Agreement and all terms and provisions thereof are approved.

3. The Trustee and Hartford are authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreement.

4. The net proceeds received under the Settlement Agreement shall be paid to, and become property of, the bankruptcy estate of the Debtor Prodigy Network, LLC (Case No. 21-10622-JTD).

5. Pursuant to section 363(b) and (f), the sale of the Hartford Policy to Hartford is approved, and, upon satisfaction of all conditions to effectiveness of the Settlement Agreement and payment of the Hartford Settlement Payment, all right, title, and interest in the Hartford Policy shall be transferred to Hartford free and clear of any interest of any Persons in the Hartford Policy.

6. Any parties who otherwise might have asserted any rights under or interests in or related to the Hartford Policy who did not object to the Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code, and further deemed to have waived any such rights or interests.

7. Any rights that any entity or person might have relating to the Hartford Policy shall attach to the Hartford Settlement Payment.

8. All persons who hold or assert, or may in the future hold or assert, any claim against any party covered as an insured arising in connection with any activities covered by the Hartford Policy, or in connection with the insured party's activities giving rise to the claims made or to be made under the Hartford Policy, and any other person who may claim to be an insured, additional

insured, or otherwise entitled to any benefit or recovery, directly or indirectly, from or under the Hartford Policy, are permanently stayed, restrained, and enjoined from asserting any such claim, right or entitlement, commencing a proceeding, or taking any other action against Hartford for the purpose of obtaining any recovery or other relief from Hartford or under or in connection with the Hartford Policy.

9. Any objections filed and not withdrawn prior to the hearing are overruled for reasons stated on the record.

10. Upon actual receipt of the Settlement Payment by the Trustee and actual receipt of the separate $3,164,500 settlement payment from Great American Insurance Company pursuant to the separate Rule 9019 motion filed at D.I. 190, the Trustee, in his capacity as such and on behalf of the Debtors' estates, and each of their respective subsidiaries, affiliates, and advisors shall release, acquit, and discharge any and all former directors and officers of Prodigy[3] from any and all claims and causes of action whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, in law, equity, contract, tort, or otherwise, by statute or otherwise, that such parties (whether individually or collectively) ever had, now have, or may have, arising out of actions or omissions of the directors and officers of Prodigy in their capacity as such. Without limiting the generality of the foregoing, such release shall not extend to or otherwise compromise or impair: (a) any claims that the Trustee may have against any party under Sections 544, 547, 548, 550 of the Bankruptcy Code or state law made applicable under any such statutes; and (b) claims against S. Lawrence Davis ("Davis"), Shorewood Real Estate Group ("Shorewood"), David Simon, Stephen Im, or other employees, officers, or directors of Shorewood, or other Shorewood-related entities or parties, but solely with respect to claims that

---

[3] This includes, but is not limited to, Brian Newman, Carey Fieldcamp, Vincent Mikolay, Leonard Chinchay, Bill Garcia, Alejandra Rincon, and Juanita Galvis.

such parties are liable in their respective capacities as officers or directors of entities other than the Prodigy Debtors and subject to the terms and conditions of Paragraph 11 below.

11. In resolution of the informal objection by Davis, upon entry of this Order, to the extent the Trustee brings an action against Davis, David Simon, Stephen Im, Shorewood, or any of the entities listed on the attached Schedule A, including their respective members, managers, employees, officers, successors, and assigns (collectively, the "Davis Parties"), the Trustee's recovery for such non-released claims shall be limited to the amounts paid or to be paid by any insurance carrier under any insurance policy or policies other than the Hartford Policy or the GA Policy. For the avoidance of doubt, the Trustee is precluded from recovering any amounts for such claims directly from the Davis Parties. Nothing contained herein shall be deemed a finding or admission of liability by any of the Davis Parties for any claims that could be brought by the Trustee against any of them, and the Davis Parties make no representations as to the availability of coverage for any potential claims. This provision does not apply to any claims that could be brought against the Davis Parties by the Trustee under 11 U.S.C. §§ 544, 547, 548, 550, or state law made applicable under any such statutes (the "Reserved Claims") and nothing contained herein shall be deemed a waiver of any defenses the Davis Parties may have to any claims by the Trustee, including, but not limited to, the Reserved Claims, all of which are expressly reserved. In the event that any insurance carrier under any insurance policy or policies other than the Hartford Policy or the GA Policy affirmatively denies coverage for any claims by the Trustee against the Davis Parties other than the Reserved Claims, the Trustee will suspend, stay, or dismiss the litigation of such claims against the Davis Parties unless the Trustee determines in his sole discretion that doing so would be materially prejudicial to the estate of any Debtor. The Trustee and the Davis Parties reserve all rights under this Order, including, but not limited to, the right to

seek relief in any action, based on the limitations imposed on the Trustee's right to collect as set forth in this paragraph. The inclusion of this provision in this Order only and not in the proposed order accompanying the Great American Approval Motion shall not be construed as limiting the effectiveness of this provision in any way.

12. The Hartford Policy shall be deemed terminated, and nothing in the Motion, the Settlement Agreement, or this Order shall constitute a waiver of any rights that the Trustee or the Estates may have under any other insurance policy or policies.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the agreements approved herein.

**Dated: March 22nd, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**